MIDDECKER, DECEASED, ESTATE OF, IN RE.

Probate Court, Columbiana County.

No. 55332. Decided March 18, 1964.

*Mr. Henry L. Reese.*

TOBIN, P. J. This matter came on to be heard relative to the claim of the Department of Taxation, Inheritance tax section, that there was tax due on the undivided one-half interest in real estate transferred on February 11, 1957, in Volume 981, Pg. 89, of the Columbiana County Deed Records, recorded March 4, 1957, and said transfer being by Quit Claim deed for the consideration of love and affection. Said transfer was made by the decedent to his wife and surviving spouse, Dorothy. The decedent died May 2, 1959, leaving other personal property which was probated, in the amount of $7,011.00. On February 11, 1957, the same day, the decedent executed his Last Will and Testament which was admitted to probate in this case.

Since this was more than two years after the transfer, the burden of proof shifted to the Department of Taxation to prove said transaction was in contemplation of death. The sole testimony produced by the Department was:

1. The will was made on the same day as the deed.

2. That the surviving spouse testified that the decedent intended to continue to live in this house the rest of his life.

The decedent died of an illness while apparently in good health and while playing golf, was stricken by what proved to be a fatal illness, and had no history of this illness from which he expired, on February 11, 1957. The quit claim deed did not reserve a life estate to the decedent.

The Court finds that the Department did not sustain the burden of proof that it was in contemplation of death. It is not unusual for a husband to live in the same house with his wife regardless who has title to the real estate. There was no indication at the time this transaction took place that the decedent was ill or had anything that might indicate the probability of death in the reasonably near future. Therefore, the exceptions of the Department of Taxation are overruled and no tax is found to be due on the real estate as claimed by the Department.